UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH BURNAM                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:14cv552-CWR-LRA

BONITA MOSLEY                                                                                    DEFENDANT

### REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Defendant's Motion to Dismiss, or in the Alternative, Transfer the Petition for Writ of Habeas Corpus. [9]. Having considered the record in this matter, the undersigned recommends that the motion be denied for the following reasons.

Plaintiff is a federal inmate who was housed at the federal correctional facility in Yazoo City, Mississippi, until July 15, 2014. On that date, which is the same date he was transferred to a federal correctional facility in California, Plaintiff filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. [1]. Defendant has moved to dismiss this action as filed in the wrong venue, or in the alternative, to transfer the case to the federal district court for the Eastern District of California, where Plaintiff is currently housed.

Defendant correctly asserts that a Section 2241 petition must be filed where a prisoner is in custody. *See, e.g., Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In this case, though, Petitioner presumably was in the Yazoo City facility at some point on the day the petition was filed and therefore it was properly filed in this district. Jurisdiction attaches upon the filing of the petition. *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). In any event, Plaintiff signed his Petition on July 12, 2014, while he

1

was clearly still in Yazoo City, Mississippi.  Pursuant to the mailbox rule, July 12, 2014, is therefore the filing date.  "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

Based on the foregoing, the undersigned recommends that Defendant's motion [9] be denied.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

RESPECTFULLY SUBMITTED, this the 23rd day of December, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE